IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD G. MARKS,)
)
        Plaintiff,)
)
v.)
) Civil Action No. 12-478
CAROLYN W. COLVIN,)
COMMISSIONER OF)
SOCIAL SECURITY,)
)
        Defendant.)

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of June, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on May 7, 2009, alleging that he became disabled on July 31, 2008, due to a torn rotator cuff, a torn biceps and broken ribs. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on December 9, 2010. On February 2, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council then denied plaintiff's request for review on February 17, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 44 years old when he filed his SSI application and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past relevant work experience as a heavy equipment operator, but he has not engaged in substantial gainful activity at any time since filing his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of status post fractured ribs, right rotator cuff tear, biceps tendon dislocation, subacromial impingement, synovitis and status post arthroscopy of the right shoulder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is precluded from performing work that involves overhead reach with his right arm, as well as work that involves pushing or pulling against resistance with his right arm. Plaintiff also cannot perform work which requires him to constantly and repetitively reach with his right arm. Plaintiff is further restricted from performing work that would require him to hold objects away from his body for prolonged periods of time. Finally, plaintiff cannot lift or carry more than five pounds with his right arm (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such a sales counter clerk, cashier or usher/ticket taker. Accordingly,

the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4). If the

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

AO 72
(Rev. 8/82)

- 4 -

claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process by arguing that the ALJ failed to properly evaluate his credibility regarding his subjective complaints of pain. This argument is without merit.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints of pain, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, the extent of plaintiff's treatment, including surgery, physical therapy and medications, and the opinions of physicians who treated and examined him. See 20 C.F.R. §§416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence

AO 72
(Rev. 8/82)

- 5 -

is inconsistent with plaintiff's allegation of total disabling pain. Accordingly, the ALJ determined that plaintiff's testimony regarding the limitations caused by his pain was not entirely credible. (R. 13, 17). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 13-17), and is satisfied that such determination is supported by substantial evidence.

In connection with his credibility argument, plaintiff critiques the ALJ's consideration of his lack of medical treatment since 2009. As the ALJ discussed in his opinion, plaintiff underwent surgery for his right shoulder injury in the spring of 2009. By May 27, 2009, Dr. Mark Rodosky, who performed the surgery, determined that plaintiff had properly healed. (R. 338, 365-67). Plaintiff last saw Dr. Rodosky in October 2009, (R. 364-65), and the record does not indicate that he sought any further medical treatment. Given the lack of medical treatment after that time, the ALJ determined that it was reasonable to assume plaintiff was not experiencing debilitating pain as he now claims. (R. 17).

Contrary to plaintiff's position, a claimant's treatment history is a relevant factor that the ALJ is permitted to consider in assessing his credibility. See 20 C.F.R. §416.929(c)(3)(v). Thus, the ALJ in this case properly took into account plaintiff's lack of medical treatment as one factor in assessing his credibility.

Plaintiff also argues that this case should be remanded

AO 72
(Rev. 8/82)

because the Appeals Council failed to consider a report by Dr. Gallo, a psychologist who evaluated him on March 30, 2011. Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

Pursuant to 42 U.S.C. §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the Commissioner's final decision denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the district court is to review. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." Id. at 594.

Thus, to the extent plaintiff requests that this court review the Appeals Council's decision to reject Dr. Gallo's report and deny review, this court has no statutory authority to do. To be clear, Dr. Gallo's report was not presented to the ALJ because it was not completed until nearly two months after the ALJ issued his decision, thus that document may not be considered by this court in conducting its substantial evidence review. Matthews, 239 F.3d at 594-95.

Furthermore, to the extent that plaintiff suggests that this case should be remanded to the Commissioner pursuant to sentence six of §405(g) for consideration of Dr. Gallo's report, he has not established that remand is appropriate. When a claimant seeks to

rely on evidence that was not before the ALJ, the court may remand the case to the Commissioner if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593. Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Although Dr. Gallo did not evaluate plaintiff and write his report until after the ALJ issued his adverse decision, the report does not qualify as "new" evidence. Plaintiff admits in his brief that "[o]bviously it would have been better for [him] to have seen [Dr. Gallo] and had this report available at the Administrative Law Judge's hearing." Thus, plaintiff concedes that he could have been evaluated by Dr. Gallo and provided a report at any time prior to the ALJ's decision, yet he opted not to do so.

Furthermore, Dr. Gallo's report concerning his psychological evaluation of plaintiff is not material. Plaintiff alleged disability on the basis of a shoulder injury and broken ribs, not because of any mental impairments, thus the report in question would not be relevant to his disability claim, despite his current contention that it somehow relates to his physical injury.

Finally, plaintiff has not demonstrated good cause for failing to submit Dr. Gallo's report, thus a sentence six remand is not warranted in this case.

After carefully and methodically considering all of the

medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Lewis P. McEwen, Esq.
McEwen Law Firm
234 West Pine Street
P.O. Box 510
Grove City, PA 16127

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219